Dear Mr. Roger C. Thomas, General Counsel
On behalf of the New Prince George's County Board of Education ("Board"), you have asked whether we agree with your conclusion that current members of the Board are eligible to run for elected positions on the Board as of July 1, 2006, without resigning from their current positions. You outlined the basis for your conclusion in the attached letter dated May 31, 2006 citing the relevant provisions of the Education Article ("ED") of the Annotated Code of Maryland. We have reviewed your analysis and agree with your analysis and conclusion.[1]
J. Joseph Curran, Jr. Attorney General
Robert N. McDonald Chief Counsel Opinions and Advice
May 31, 2006
The Honorable J. Joseph Curran, Jr. Attorney General
200 St. Paul Place Baltimore, MD 21202
Re: Members of the Appointed Prince George's County Board of Education's Potential Candidacy for Elected Board
Our File No: 06-99-0009
Dear Mr. Curran:
Please be advised that the undersigned counsel represents the Prince Georges County Public Schools. I was requested by the Chair of the Prince George's County Board of Education and former State Senator, Beatrice P. Tignor, Ed.D., to request an opinion of counsel and/or interpretation letter from the Attorney General's Office on statutory provisions in the Maryland Annotated Code, Education Article, relating to members of the Prince George's County Board of Education running for elected office.
The current statute in effect in the Md. Ann. Code, Educ. Art., § 3-1O8.2(q) provides that a
 Member may not be a candidate for public office. — A member may not be a candidate for public office while serving on the Board.
As you know, this statute governing the "New Prince George's County Board of Education" is abrogated effective June 30, 2006. After that date, provisions set forth in the Md. Ann. Code, Educ. Art., § 3-1002, as amended, take effect on July 1, 2006.
Under the language of the statute that takes effect as of July 1, 2006, the Md. Ann. Code, Educ. Art., § 3-1002(i) provides that
 Member may not be candidate for other public office. — While serving on the county Board, a member may not be a candidate for a public office, other than a position on the county Board.
Based upon the language of the statute that goes into effect as of July 1, 2006, it is the interpretation of school system counsel that this language would allow members of the current Board to also have eligibility for candidacy for positions on the elected county Board, if they choose to run, without resigning from the current appointed Board, since the statute that goes into effect as of July 1, 2006, includes an exception for candidacy for positions on the county Board.
Dr. Tignor would greatly appreciate your consideration of providing an opinion from the Attorney General's Office on this issue as soon as possible. Please forward your response to the undersigned counsel's attention at your earliest convenience. Thank you for your consideration of this matter. If you have further questions regarding this inquiry, please do not hesitate to contact me.
Very truly yours,
Roger C. Thomas General Counsel
[1] In addition to the provisions that you cite, we note that the legislation that originally provided for the transition from an appointed Board to an elected Board specifically provided that the terms of the appointed members would continue until December 3, 2006. Chapter 289, § 10, Laws of Maryland 2002. Thus, the Legislature clearly contemplated that the appointed members would be serving as Board members when the allowance for Board candidacy in ED § 3-1002(i) supersedes the general prohibition against candidacy for public office in ED § 3-108.2(q). *Page 135